UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Spine and Brain Surgeons, PLLC,

    Plaintiff,

v.                                            Case No. 12-11329

State Farm Mutual Automobile Insurance    Sean F. Cox
Company,                                    United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER STATE-LAW CLAIM**

This matter is currently before the Court on Defendant's Motion for Reconsideration of this Court's February 11, 2013, Opinion & Order, wherein the Court denied Defendant's motion challenging Count II of Plaintiff's Complaint. Although Defendant's motion originally made two related challenges that are without merit, during the course of the briefing the parties directed the Court to a Sixth Circuit case that analyzed a private cause of action under the Medicare Secondary Payer Act. Defendant's Reply Brief then argued that under the holding of that case, Count II must be dismissed for a different reason. The Opinion & Order issued by this Court, however, did not sufficiently address that challenge. As explained below, this Court is now persuaded that Count II of Plaintiff's Complaint must be dismissed under existing Sixth Circuit precedent. The Court shall therefore GRANT Defendant's Motion for Reconsideration and DISMISS Count II of Plaintiff's Complaint. Having dismissed the only federal claim in this action, the Court declines to exercise supplemental jurisdiction over the remaining state-law

1

claim and shall REMAND this action to state court.

## BACKGROUND

Plaintiff Michigan Spine and Brain Surgeons, PLLC ("Plaintiff" or "Michigan Spine") filed this action against Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") in Oakland County Circuit Court. Michigan Spine's Complaint asserts the following two counts: "Direct Right of Payment and Subrogation Claim Pursuant to Law" (Count I); and "Recovery Under the Medicare Secondary Payer Act" (Count II). This matter was removed to this Court based upon federal question jurisdiction over Count II.[1]

This action arises out of an automobile accident that allegedly occurred on October 26, 2010, in which State Farm's insured, Jean Warner ("Warner"), allegedly sustained injuries. Michigan Spine alleges that it provided Warner with treatment and services for injuries she claims to have incurred in the accident. State Farm denied coverage of the medical expenses associated with the surgery and the other neurological services performed on Warner, contending that Warner's medical conditions were preexisting, and were not caused by the automobile accident at issue.

Warner, who is approximately 53 years old, became Medicare eligible in 2000, when she was disabled in another accident. After State Farm's denial of her claim, the claim was submitted to CMS/Medicare and approved for conditional payment under the Medicare Secondary Payer Act. (Pl.'s Compl. at ¶ 21; Pl.'s Resp. to Def.'s Motion at 1).

---

[1] Diversity jurisdiction does not exist because, as the parties acknowledged at the September 26, 2013 hearing, the amount in controversy is $26,000.00.

Count I of Michigan Spine's Complaint, asserts a claim for direct payment of benefits under Michigan's No-Fault Act.

Count II – which is the focus of State Farm's motion – seeks damages under the Medicare Secondary Payor Act. Count II does not allege that State Farm denied Warner's claims based upon her eligibility for Medicare.

Defendant filed a Motion to Dismiss and/or for Partial Summary Judgment as to Count II of Michigan Spine's Complaint on September 28, 2012. In it, Michigan Spine sought dismissal of Count II on two related grounds, both of which focused on the fact that there has been no determination made by a court that State Farm is responsible for the payments.

Plaintiff's response relied on the Sixth Circuit's decision in *Bio-Medical Applications of Tennessee, Inc.*, 656 F.3d 277 (6th Cir. 2011). In that case, the defendant insurance provider argued, like State Farm had argued here, that it cannot be liable because its responsibility to pay had not yet been demonstrated prior to the litigation. *Id*. at 287. The Sixth Circuit rejected that argument. Thus, Michigan Spine argued that the grounds for dismissing Count II raised by State Farm in its motion were without merit.

In State Farm's Reply Brief, it took issue with the portion of the *Bio-Medical* decision that rejected its opening arguments. (*See* Def.'s Reply Br. at 1 & 6). But it also argued that, under *Bio-Medical,* the authority that Michigan Spine has directed the Court to, Count II must still be dismissed because State Farm did not deny benefits based on Warner's eligibility for Medicare.

On February 11, 2013, this Court issued an Opinion & Ordering denying State Farm's motion. (Docket Entry No. 14). The Opinion & Order addressed the two challenges to Count II

that were raised by State Farm in its opening brief. It did not discuss, or rule upon, State Farm's argument that, under the Sixth Circuit's decision in *Bio-Medical*, Count II must still be dismissed because State Farm did not deny coverage based on Warner's eligibility for Medicare.

Thereafter, State Farm filed the instant Motion for Reconsideration. This Court allowed Plaintiff to file a response to the motion and this Court heard oral argument on September 26, 2013.

## ANALYSIS

**I.    The Court Shall Grant State Farm's Motion For Reconsideration And Dismiss Count II Under *Bio-Medical*.**

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

Here, the Court finds that State Farm has identified a palpable defect with this Court's prior opinion – it did not analyze or rule on State Farm's alternative argument that, under the Sixth Circuit's decision in *Bio-Medical*, Count II must be dismissed because State Farm did not deny coverage based on Warner's eligibility for Medicare.

In *Bio-Medical*, the Sixth Circuit analyzed the private cause of action provided for in the Medicare Secondary Payer Act. *Bio-Medical*, 656 F.3d at 284-87. It began by looking to how

the private right of action is defined under the Act. *Id*. at 284. The Medicare Secondary Payer Act states:

> (A) Private cause of action
> There is a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursements) in accordance with paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(b)(3)(A). The court noted that, by providing for recovery of double damages, the provision is attractive to a healthcare provider like Bio-Medical. *Id*.

"But a private party can recover under this provision *only* if a private plan has failed to provide primary payment or appropriate reimbursement 'in accordance with paragraphs (1) and (2)(A).' When does that occur?" *Id.* (emphasis added). The Sixth Circuit then answered that question. In doing so, the court explained:

> When does a primary plan fail to make payment "in accordance with paragraph (1) and (2)(A)"? Determining when a primary plan violates paragraph (1) is easy. A primary plan fails to pay under paragraph (1) by, among other things, "tak[ing] into account" that a planholder is entitled to Medicare benefits after being diagnosed with end-stage renal disease. *See* 42 U.S.C. § 1395y(b)(1)(C)(i). As discussed in Part II above, [defendant] Central States did precisely that by terminating the patient's coverage because of her entitlement to Medicare benefits. But the private cause of action uses the conjunctive: it requires that the primary plan fail to make payment "in accordance with paragraphs (1) *and* (2)(A)." *Id.* § 1395y(b)(3)(A). (emphasis added). The private cause of action, therefore, also apparently requires us to determine when a primary plan fails to pay in accordance with subparagraph (2)(A).

*Id*. at 285.

The court explained that "[t]he challenge with making this determination is that subparagraph (2)(A) only addresses Medicare – not primary plans – as its subject." *Id.* "How can a primary plan fail to make a payment in accordance with subparagraph (2)(A), if that subparagraph only instructs when Medicare, and not primary plans, may or may not make

payments? The answer, of course, is that it cannot: it is impossible for one to violate an order addressed only to someone else." In order to avoid rendering a private cause of action void, the Court construed paragraphs (1) and (2)(A) collectively:

> The solution is to consider paragraphs (1) and (2)(A) collectively, rather than individually. *Paragraph (1) prevents a primary plan from limiting a planholder's benefits or coverage simply because the planholder is entitled to Medicare benefits*, and subparagraph (2)(A) instructs that when a primary plan violates that prohibition and accordingly fails to pay for treatment, Medicare may make a conditional payment for the treatment. *Thus, a primary plan fails to pay "in accordance with paragraphs (1) and (2)(A): when it terminates a planholder's coverage and thereby induces Medicare to make a conditional payment on its behalf – that is, when the primary plan violates the statutory system that these two paragraphs set into motion. Put differently, a primary plan is liable under the private cause of action when it discriminates against planholders on the basis of their Medicare eligibility and therefore causes Medicare to step in and (temporarily) foot the bill.* Our interpretation, in addition to rendering operative all relevant statutory provisions, is eminently reasonable: it permits lawsuits against the primary plans that performed the precise actions that the Act condemns.

*Id.* at 286-87 (emphasis added).

The court concluded that a private cause of action existed in *Bio-Medical* because the primary plan terminated the insured's coverage "due to her Medicare entitlement (in violation of the Act)." *Id.*

Here, however, State Farm denied Warner's claims because it determined that Warner's medical conditions were preexisting and were not caused by the automobile accident at issue. Plaintiff does not allege that State Farm denied Warner's claims based on the fact that she was eligible for Medicare.

Unless Michigan Spine can identify how State Farm violated a specific provision of (1)(A) – which it has not done – it cannot pursue a private cause of action under the interpretation of the Act by the Sixth Circuit in *Bio-Medical*. As noted in *Bio-Medical*, the "first

three subparagraphs of paragraph (1) prevent group health plans from "taking into account" that a planholder is entitled to Medicare benefits due to being: (a) at least sixty-five years old, (b) disabled, or (c) diagnosed with end-stage renal disease." *Bio-Medical*, 656 F.3d at 285. There are other subparagraphs, but they have no application here (e.g., treatment of certain members of religious orders).

In responding to State Farm's Motion for Reconsideration, Michigan Spine asserts that § 1395y(b)(1) has no application to it. It also asserts that compliance with both § 1395y(b)(1) and (2)(A) are not required in order to pursue a private cause of action. Michigan Spine asks the Court to rule that there is an "unrestricted private cause of action" and directs the Court to *In re Avandia Marketing,* 685 F.3d 353 (3d Cir. 2012). Even if the Third Circuit has taken such a position, however, the Sixth Circuit has not.

In *Bio-Medical*, the Sixth Circuit held that a "private party can recover under this provision *only* if a private plan has failed to provide primary payment or appropriate reimbursement 'in accordance with paragraphs (1) and (2)(A).'" *Bio-Medical,* 656 F.3d at 285 (emphasis added).

Accordingly, this Court concludes that Michigan Spine cannot pursue a private cause of action against State Farm. This Court shall therefore grant State Farm's Motion for Reconsideration and dismiss Count II of Michigan Spine's Complaint.

**II.     The Court Shall Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claim And Shall Remand This Action**.

Given the absence of diversity jurisdiction, and the fact that this Court is dismissing the

only federal claim in this action, the Court must consider whether it should exercise supplemental jurisdiction over the remaining state-law claim.

It is well-established that a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state law claims. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation clearly outweighs the concern over needlessly deciding state-law issues. *Moon*, 456 F.3d at 728. This is not such a case. The Court shall therefore decline to exercise supplemental jurisdiction over Plaintiff's remaining claim and shall remand this action to state court.

## CONCLUSION & ORDER

IT IS ORDERED that Defendant State Farm's Motion for Reconsideration is GRANTED and Count II of Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claim and REMANDS this action to Oakland County Circuit Court.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 27, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michigan Spine and Brain Surgeons, PLLC,

    Plaintiff,

v.                                  Case No. 12-11329

State Farm Mutual Automobile Insurance     Sean F. Cox
Company,                             United States District Court Judge

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2013, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager